IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| PECOLIA DIGGS | * | |
|     Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | |
| OSCEOLA POLICE DEPARTMENT | * | NO: 3:05CV00261 SWW |
| | * | |
|     Defendant | * | |
| | * | |
| | * | |
| | * | |

## ORDER

Plaintiff, who proceeds *pro se* in this matter, sues the Oceola Police Department under Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991, alleging that Defendant terminated her employment because of her race. Plaintiff sent a letter to the Court, docketed by the Clerk as a motion to amend the complaint and compel responses to discovery. After careful consideration, and for the reasons that follow, the motion will be denied.

Motion to Amend

In Plaintiff's original complaint, she requests that Defendant be ordered to compensate her. Plaintiff now states that she wishes to amend the complaint to specify that she seeks $3,000,000 in damages. Title 42 U.S.C. § 1981a(b)(3) places a statutory cap on the amount of compensatory damages available under Title VII. The maximum amount of compensatory damages available depends on the employer's headcount, and the maximum amount is $300,000. Furthermore, under 42 U.S.C. § 1981a(b)(1), punitive damages are not recoverable from a

government agency or political subdivision. Accordingly, Plaintiff's motion to amend the complaint to specify that she seeks $3,000,000 in damages will be denied. *See Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999)(stating that permission to file an amended complaint may be denied when the proposed amendment would be futile). However, Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 54(c), "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

<u>Motion to Compel</u>

In support of her motion to compel, Plaintiff states, "Ms. Denham [Defendants' counsel] hasn't [produced] the information I've requested." Docket entry #25, at 1. The Court is unable to grant relief without information regarding the date and content of Plaintiff's discovery requests and whether Plaintiff has conferred in good faith with Defendant's counsel in an attempt to resolve discovery issues.

<u>Other Questions and Requests by Plaintiff</u>

Attached to Plaintiff's letter to the Court is a letter to Plaintiff from Defendants' counsel requesting that Plaintiff respond to discovery requests. In the letter, Defendants' counsel states, correctly, that under Federal Rule of Civil Procedure (specifically Rules 33 and 34) responses to interrogatories and requests for production are due within 30 days after service. Plaintiff states in her letter to the Court that she "has no problem" with producing information before the deadline for discovery set forth in the Court's scheduling order, but she asks, "How are my responses past due, according to Ms. Denham?"

Plaintiff is instructed that the discovery cut-off date set forth in the Court's scheduling order marks the date by which <u>all</u> discovery in this case must be completed,[1] not the date by which parties are required to respond to individual discovery requests. As stated in the Court's order entered November 14, 2005 (docket entry #5), Plaintiff is required to be familiar and comply with the Federal Rules of Civil Procedure, which contain rules governing discovery.

Finally, Plaintiff requests "any or all legal forms" that she can send to witnesses and attorneys. Plaintiff is advised that the Court does not maintain or supply general legal forms. Pursuant to Federal Rule of Civil Procedure 45, Plaintiff may apply to the Clerk of the Court for issuance of a subpoenas for attendance at depositions or for production and inspection.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend and motion to compel (docket entry #25) is DENIED. The Clerk is directed to mail Plaintiff a copy of the letter she attached to her motion to amend and to compel. Plaintiff is advised that in the future, her exhibits to motions should consist of copies of documents, not originals, which will not be returned.

IT IS SO ORDERED THIS 26TH DAY OF MAY, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] As stated in the scheduling order, the parties may agree to extend the discovery cut-off date; however, the Court will not be available to resolve any disputes which arise during the course of extended discovery.