THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PECOLIA DIGGS
    Plaintiff     *
           *
VS.           *
           *
OSCEOLA POLICE DEPARTMENT *    NO: 3:05CV00261 SWW
           *
    Defendant    *
           *
           *

## ORDER

    Plaintiff, who proceeds *pro se,* sues the Osceola Police Department under Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991, alleging that Defendant terminated her employment because of her race. Before the Court are Plaintiff's motion to amend the complaint (docket entry #36) and Defendant's response, and Plaintiff's motion for issuance of subpoenas (docket entry #39). For the reasons that follow, Plaintiff's motion to amend will be denied without prejudice, and her motion for issuance of subpoenas will be granted in part.

    Plaintiff seeks leave to amend her complaint to add a retaliation claim. In support of her motion to amend, Plaintiff states that a few weeks after she received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), communicating her the right to bring this lawsuit, Defendant retaliated against her by denying her due process rights in connection with a petition to vacate rental property.

Title VII requires claimants to timely file a discrimination charge with the EEOC and exhaust administrative remedies before bringing a Title VII action in court.  *See* 42 U.S.C. § 2000e-5(e)(1).  To exhaust Title VII's administrative remedies an individual must (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge within one hundred eighty (180) days of the discrimination and (2) receive notice from the EEOC of the right to sue.  42 U.S.C. § 2000e-5(b), (c), (e). Once an employee receives a right-to-sue letter from the EEOC, he or she has ninety days in which to file suit.  42 U.S.C. § 2000e-5(f)(1).

Defendants object to Plaintiff's proposed amendment on the ground that Plaintiff has not exhausted her administrative remedies with respect to a retaliation claim.  The Court has reviewed the EEOC charge attached to the original complaint  and finds that Plaintiff's retaliation claim encompasses allegations beyond the ambit of the charge.  *See Cobb v. Stringer,* 850 F.2d 356, 359 (8th Cir.1988) (quoting *Griffin v. Carlin,* 755 F.2d 1516, 1522 (11th Cir.1985)(stating that "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.' " ).

Because Plaintiff provides no evidence that she has exhausted her administrative remedies with respect to her retaliation claim, the Court finds that the motion to amend should be denied without prejudice to Plaintiff pursuing her retaliation claim after exhausting her administrative remedies on that claim.  *See Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999)(providing that permission to file an amended complaint may be denied when the proposed amendment would be futile).

Plaintiff seeks a subpoena commanding EEOC mediator Angela Tolbert to appear at a deposition and produce documents for inspection.  Plaintiff also seeks a subpoena commanding Tolbert's appearance at trial.   In support of her motion, Plaintiff states: "I want to subpoena Ms. Tolbert because she was present at mediation and her testimony and records corroborate parts of my lawsuit as well as answer some of my first set of interrogatories and production. . . ."  Docket entry #39.

As to Plaintiff's request for a subpoena commanding Tolbert's attendance at a deposition and for production of documents, the Court will instruct the Clerk to issue a signed subpoena to Plaintiff, to be completed by Plaintiff as provided under Fed. Rule Civ. P. 45.   However, the Court finds that Plaintiff's request for a subpoena commanding Tolbert's appearance at trial is premature, and it will be denied.

**Plaintiff is advised that a subpoena commanding Tolbert's attendance at a deposition and for production of documents is subject to a motion to quash.  Under EEOC regulations, EEOC employees are prevented from testifying or producing documents in response to a subpoena without prior approval of the EEOC's legal counsel.**  *See* 29 C.F.R. § 1610.32; *see also Reifsteck v. Paco Building Supply Co.,* 410 F. Supp.2d 848, 849 (E.D. Mo.,2006)(granting motion to quash subpoena served on EEOC mediator on ground that EEOC legal counsel declined to permit mediator to testify or produce documents).

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (docket entry #33) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for issuance of  subpoenas (docket entry #39) is GRANTED IN PART.  The Clerk of the Court is directed to issue Plaintiff a signed

subpoena.  Plaintiff is instructed that she must complete the subpoena in accordance with Fed. R. Civ. P. 45.  Plaintiff is reminded that she is obligated to be familiar with and follow the Federal Rules of Civil Procedure, including the rules governing discovery.

IT IS SO ORDERED THIS 18TH DAY OF AUGUST, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE