THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PECOLIA DIGGS
        Plaintiff         \*

VS.        \*

OSCEOLA POLICE DEPARTMENT    \*    NO: 3:05CV00261 SWW

        Defendant        \*

## **ORDER**

Plaintiff, who proceeds *pro se,* sues the Osceola Police Department under Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991. Before the Court is the Department's motion for summary judgment (docket entries #80, #81, #82) and Plaintiff's response (docket entry #87).

In support of its motion, Defendant asserts that the Osceola Police Department is not an entity subject to suit. The capacity to sue or be sued is determined by the law of the state in which the district court is held. *See* Fed. R. Civ. P. 17(b). Under Arkansas law, political subdivisions, including cities, are empowered to sue and be sued, *see* Ark. Code Ann. § 14-54-101, but police departments are merely divisions or departments of political subdivisions, without the capacity to sue or be sued. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 81 (8th Cir.1992)("The West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such. They are simply departments or subdivisions of the City government.").

The Court agrees that Plaintiff has failed to bring this action against a suable entity. However, Plaintiff will receive an opportunity to file a motion to amend the complaint to substitute the City of Osceola as the proper defendant in this case.[1]

IT IS THEREFORE ORDERED that Plaintiff has up to and including 10 days from the entry date of this order in which to file a motion to amend the complaint to substitute the City of Osceola as the defendant.

IT IS SO ORDERED THIS 16TH DAY OF FEBRUARY, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] Under Fed. R. Civ. P. 15(c)(3), a claim against the City will relate back to the filing of the original complaint if (1) Plaintiff's claims against the City arose from the same conduct set forth in the original pleading, (2) the City received notice of the institution of this action such that it will not suffer prejudice, and (3) the City knew, or should have known that, but for a mistake concerning the identity of the proper party, this action would have been brought against it.